IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. |
| Plaintiff, | **Counts One Through Twenty-Nine** |
| | 18 U.S.C. § 1343 |
| v. | NMT: 20 Years Imprisonment |
| | NMT: $250,000 Fine |
| JESSE E. MORGAN, | NMT: 3 Years Supervised Release |
| [DOB: 07/28/1975] | Class C Felony |
| Defendant. | $100 Mandatory Special Assessment on Each Count |
| | **Forfeiture Allegation** |
| | 18 U.S.C. § 981(a)(1), 982(a)(1) |
| | 21 U.S.C. § 853 |

**I N D I C T M E N T**

THE GRAND JURY CHARGES THAT:

At all times relevant to this Indictment:

1.      JESSE E. MORGAN was the president of American Federation of State, County and Municipal Employees (AFSCME) Local 1707. AFSCME Local 1707 is a labor organization in Kansas City, Missouri, whose members are employed at the Jackson County Department of Corrections. MORGAN was the president of Local 1707 from 2008 through October 20, 2012.

2.      Local 1707 derived its income primarily from membership dues, which range from $29.55 to $32.70 per month from each member. Local 1707 also received a parking stipend from Jackson County which range from $18,000-$23,900 every 3 months. These funds were intended to be used to lease and maintain a parking lot for Local 1707 members while they were at work.

3.     MORGAN's duties as president of Local 1707 were to chair union meetings, appoint all committees, countersign checks drawn on local funds, report to the membership on official acts and represent the union.

4.     Local 1707 maintained bank accounts with North American Savings Bank (NASB), Grandview, Missouri, which is a member and insured depository institution of the Federal Deposit Insurance Corporation ("FDIC").  All checks written from an account at NASB are processed through Core Fiserv, located in Connecticut.  All electronic transfers from the Local 1707 accounts at NASB are processed through the Federal Reserve Bank in Atlanta, Georgia or Minneapolis, Minnesota.  Finally, all ATM withdrawals and counter withdrawals from accounts at NASB are processed through Core Fiserv in Connecticut.

5.     MORGAN was not authorized by Local 1707 to issue checks to third parties or himself; to make unauthorized ATM withdrawals; to make electronic transfers from Local 1707 accounts to pay personal expenses; and to make unauthorized counter withdrawals from Local 1707 checking and savings account at NASB.

## COUNTS ONE THROUGH TWENTY-NINE
### Wire Fraud

6.     From approximately November 1, 2008 through October 22, 2012, in the Western District of Missouri and elsewhere, JESSE E. MORGAN knowingly executed a scheme and artifice to defraud and to obtain money, funds, and credits and other property owned by and under the custody and control of the AFSCME Local 1707 by means of material false and fraudulent pretenses, representations, and promises.

Case 4:14-cr-00044-DGK   Document 1   Filed 02/25/14   Page 2 of 7

7.     As part of the scheme and artifice to defraud that MORGAN did the following:

a.  MORGAN made checks from the AFSCME Local 1707's bank account with NASB payable to himself in the amount of $9,700 and others for MORGAN's benefit without the knowledge, authorization or consent of the AFSCME Local 1707.

b.  MORGAN made checks from the AFSCME Local 1707's bank account with NASB payable to others for MORGAN's benefit in the amount of $30,690.96 without the knowledge, authorization or consent of the AFSCME Local 1707.

c.  MORGAN made electronic payments from the AFSCME Local 1707's bank accounts with NASB to others for MORGAN's benefit in the amount of $38,849.68 without the knowledge, authorization or consent of the AFSCME Local 1707.

d.  MORGAN made unauthorized ATM withdrawals from the AFSCME Local 1707's bank accounts with NASB in the amount of $56,231.39 without the knowledge, authorization or consent of the AFSCME Local 1707.

e.  MORGAN made unauthorized counter withdrawals from the AFSCME Local 1707's checking account with NASB in the amount of $45,625 without the knowledge, authorization or consent of the AFSCME Local 1707.

f.  MORGAN made unauthorized counter withdrawals from the AFSCME Local 1707's savings account with NASB in the amount of $4,466 without the knowledge, authorization or consent of the AFSCME Local 1707.

g.  MORGAN, in his position as president of AFSCME Local 1707, made false statements and material omissions to the executive board of AFSCME Local 1707 concerning the checks and withdrawals that were made payable to MORGAN and to others on his behalf.

3

8.      From on or about November 1, 2008 to on or about October 22, 2012, defendant JESSE E. MORGAN devised and intended to devise a scheme to defraud AFSCME Local 1707, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

On or about each of the dates set forth below, in Kansas City, Missouri, in the Western District of Missouri, defendant JESSE E. MORGAN, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description of Transaction | Payee | Amount |
|---|---|---|---|---|
| 1 | 07/06/2012 | Check # 1203 | Jesse Morgan | $1,000 |
| 2 | 10/11/2012 | Check # 1160 | Jesse Morgan | $900 |
| 3 | 10/12/2012 | Check # 1162 | Jesse Morgan | $1,000 |
| 4 | 10/14/2012 | Check # 1163 | Jesse Morgan | $1,400 |
| 5 | 10/17/2012 | Check # 1209 | Jesse Morgan | $1,200 |
| 6 | 07/30/2009 | Check # 1027 | Bayview Loan Servicing | $787 |
| 7 | 02/04/2011 | Check # 1111 | Bayview Loan Servicing | $2,361 |
| 8 | 04/15/2011 | Check # 1117 | Bayview Loan Servicing | $3,116 |
| 9 | 02/01/2012 | Check #  1144 | Bayview Loan Servicing | $2,334 |
| 10 | 04/18/2012 | Check  N/A | Bayview Loan Servicing | $2,500.35 |
| 11 | 10/21/2009 | Electronic payment | DirectTV | $143.54 |
| 12 | 04/21/2010 | Electronic payment | Westgate Resorts | $565.89 |
| 13 | 07/15/2010 | Electronic payment | Bayview Loan Servicing | $2,371 |
| 14 | 04/13/2011 | Electronic payment | T-Mobile | $190.98 |

4

| Count | Date | Description of Transaction | Location | Amount |
|-------|------|---------------------------|----------|--------|
| 15 | 07/11/2011 | Electronic payment | KCP&L | $841.33 |
| 16 | 10/17/2011 | Electronic payment | K.C.P.&L. light bill | $1,014.55 |
| 17 | 04/19/2012 | Electronic payment | Westgate Resorts | $865.23 |
| 18 | 07/10/2012 | Electronic payment | Jackson County, Missouri | $486.56 |
| Count | Date | Description of Transaction | Location | Amount |
| 19 | 04/29/2009 | ATM withdrawal | Ameristar Casino, Kansas City, MO | $404 |
| 20 | 10/31/2009 | ATM withdrawal | Gerry's Silver Slipper, 4704 Independence Ave., Kansas City, MO | $205 |
| 21 | 01/26/2010 | ATM withdrawal | Historic Jazz District, Kansas City, MO | $462 |
| 22 | 05/22/2010 | ATM withdrawal | Harpo's, 4109 Pennsylvania, Kansas City, MO | $105 |
| 23 | 10/21/2010 | ATM withdrawal | 7-11, 17801 E. US highway 24, Independence, MO | $401.99 |
| 24 | 12/09/2010 | ATM withdrawal | Central Bank of Kansas City, 3740 Truman Rd., Kansas City, MO | $300 |
| 25 | 07/09/2010 | counter withdrawal | 11400 E. 23rd St., Independence, MO | $1,500 |
| 26 | 07/14/2011 | counter withdrawal | 8501 N. Oak Trafficway, Kansas City, Missouri | $2,700 |
| 27 | 10/21/2011 | counter withdrawal | 11400 E. 23rd St., Independence, MO | $3,000 |
| 28 | 01/30/2012 | counter withdrawal | 8501 N. Oak Trafficway, Kansas City, Missouri | $2,900 |
| 29 | 07/13/2012 | counter withdrawal | 8501 N. Oak Trafficway, Kansas City, Missouri | $2,500 |

All in violation of Title 18, United States Code, Section 1343.

Case 4:14-cr-00044-DGK   Document 1   Filed 02/25/14   Page 5 of 7

## FORFEITURE ALLEGATION

The allegations of Counts One through Twenty-Nine of this Indictment are re-alleged and fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property, real and personal, in which the defendant has an interest, pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), Title 28, United States Code, Section 2461, and the procedures outlined in Title 21, United States Code, Section 853.

Upon conviction of any violation of Title 18, United States Code, Section 1343, the defendant shall forfeit to the United States any property, real or personal, constituting, or derived from, proceeds the person obtained directly or indirectly pursuant to Title 18, United States Code, Section 981(a)(1).

The property subject to forfeiture includes, but is not limited to, the following:

Money Judgment and Other Property Involved In or Traceable to the Offenses:

Any interest or proceeds traceable thereto of at least $138,011.73, representing the proceeds obtained by defendant JESSE E. MORGAN, in that such sum in aggregate is involved in, or is derived from, proceeds traceable to the offenses set forth in Counts One through Twenty-Nine.

## Substitute Assets

If the property described above as being subject to forfeiture as a result of any act or omission of the defendant,

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with a third person;

(3)     has been placed beyond the jurisdiction of the Court;

(4)     has been substantially diminished in value; or

6

(5)    has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the above-forfeitable property or to seek return of the property to the jurisdiction of the Court so that the property may be seized and forfeited.

All pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1), 982(a)(7), Title 28, United States Code, Section 2461, and the procedures outlined in Title 21, United States Code, Section 853(p).

A TRUE BILL.


__/s/ Timothy L. Pierce_____
FOREPERSON OF THE GRAND JURY


_/s/ Paul S. Becker_____
Paul S. Becker
Assistant United States Attorney


Dated: _____2/25/14_____
         Kansas City, Missouri

7